UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-01072-SVW-AJR | Date | March 23, 2026 |
|---|---|---|---|

| Title | *Nishan Singh v. James James et al* |
|---|---|

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**    ORDER DENYING PETITIONER'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [2]

### I.    Introduction

Before the Court is Petitioner Nishan Singh's ex parte application for a temporary restraining order ("TRO").  ECF No. 2.  For the following reasons, Petitioner's ex parte application is DENIED.

### II.    Background

Petitioner Nishan Singh entered the United States on June 23, 2023. Petition ("Pet."), ECF No. 1 ¶ 25; ECF No. 1-3. After being processed by Immigration and Customs Enforcement ("ICE"), he was released on his own recognizance. Pet. ¶ 25. However, Petitioner was re-detained by ICE after appearing for a scheduled check-in on February 3, 2026. *Id.* ¶ 27. On March 6, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, arguing this Court should release him because his detention is governed by 8 U.S.C. § 1226, unconstitutional under the Fifth Amendment Due Process Clause, and covered within the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025

:

Initials of Preparer                    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-01072-SVW-AJR | Date | March 23, 2026 |
|---|---|---|---|

| Title | *Nishan Singh v. James James et al* |
|---|---|

WL 3713987 (C.D. Cal. Dec. 18, 2025). *See* Pet. The same day, Petitioner also filed a TRO requesting this Court immediately release him from Respondents' custody and enjoin Respondents from re-detaining him absent a further order from this Court. TRO at 1.

### III.    Legal Standard

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [petitioner] is entitled to such relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "A [petitioner] seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* These same elements apply to Petitioner's TRO. *West v. PBC Mgmt. LLC*, No. 23-cv-03283-BLF, 2023 U.S. Dist. LEXIS 118204, 2023 WL 4477296, at *2 (N.D. Cal. July 10, 2023) (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.")).

"[I]f a [petitioner] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the [petitioner's] favor,' and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

### IV.    Discussion

#### A.  Likelihood of Success on the Merits

:

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-01072-SVW-AJR | Date | March 23, 2026 |
|---|---|---|---|

| Title | *Nishan Singh v. James James et al* |
|---|---|

First, Petitioner asserts that his detention is governed by 8 U.S.C. § 1226, which requires that immigrant detainees receive a bond hearing in certain cases. We disagree. Rather, the Court concludes that Petitioner is in the position of an applicant for admission under 8 U.S.C. § 1225. *See* 8 U.S.C. § 1225(a)(l) ("applicant for admission" includes "[a]n alien present in the United States who has not been admitted"). Though Petitioner was paroled into the United States, that does not constitute "entry" or "admission" for purposes of the law. Moreover, as this Court explained elsewhere, 8 U.S.C. § 1226 applies only to aliens detained pursuant to a warrant. *See Altamirano Ramos v. Lyons*, --- F.Supp.3d ----, 2025 WL 3199872, at *5-*6 (describing process for arresting and detaining alien pursuant to a warrant under 8 U.S.C. § 1226, as explained by the Supreme Court). Nothing in the record here indicates that Petitioner was arrested and detained pursuant to a warrant. Accordingly, Petitioner, as an applicant for admission, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(a). *See Altamirano Ramos*, 2025 WL 3199872, at *4-*5.

Second, Petitioner contends the Fifth Amendment Due Process clause necessitates his release. The Court has also elsewhere explained that applicants for admission are entitled only to those due process rights that Congress has afforded by statute. *See Sagastegui-Ronceros Luiguie Martin v. Fereti Semaia et al*, No. 5:25-cv-03324-SVW-BFM, ECF No. 21, at 4-7. Given that Petitioner's detention is governed by 8 U.S.C. § 1225(b)(2)(a), as just discussed, Petitioner is subject to mandatory detention.

Third, Petitioner argues that he is a member of the "Bond Eligible Class" certified in *Maldonado Bautista* and is thus himself eligible for a bond hearing. Petitioner is mistaken. The Bond Eligible Class is defined as follows:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Bautista*, 2025 WL 3713987, at *2.

:

|  | Initials of Preparer | DTA |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-01072-SVW-AJR | | Date | March 23, 2026 |
|---|---|---|---|---|
| Title | *Nishan Singh v. James James et al* | | | |

However, because Petitioner himself admits that he was apprehended upon arrival, he is not a member of the Bond Eligible Class as defined by the *Bautista* court. Pet. ¶ 25 ("Petitioner entered the United States on [June 23, 2023]. He was processed by ICE and was released on his own recognizance.").

Because Petitioner has not shown a likelihood of success or serious questions going to the merits, the Court need not address the remaining *Winter* factors.

**V.      Conclusion**

For the foregoing reasons, Petitioner's ex parte application for a temporary restraining order is DENIED.

**IT IS SO ORDERED.**

:

| | | Initials of Preparer | DTA |
|---|---|---|---|